# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Case No. 10-CR-256

ADAM S. CARTER,

        Defendant.

_____

## ORDER

On December 2, 2010, a federal grand jury sitting in this district returned a one count indictment against the defendant Adam S. Carter ("Carter"), charging him with possession of a firearm and ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 9, 2010, Carter pled not guilty to the charge. On December 23, 2010, Carter filed a motion to compel identification of a confidential informant, who was mentioned and relied upon in the search warrant application. (Docket #14). Magistrate Judge Patricia Gorence considered the motion and issued an order denying Carter's motion to compel. In response, Carter filed an objection to the magistrate's order. Before addressing Carter's motion, the court briefly sets forth the underlying facts of the case.

## FACTUAL BACKGROUND

Carter's arrest and subsequent charge arise from the November 30, 2010, search of a residence located in Milwaukee, Wisconsin. Law enforcement executed the search pursuant to a search warrant issued by Milwaukee County Court

Commissioner Barry C. Slagle ("Commissioner Slagle"). Commissioner Slagle issued the warrant after receiving a search warrant application and supporting affidavit from Milwaukee Police Officer Michael Wawrzyniakowski ("Officer Wawrzyniakowski"). The affidavit avers that Officer Wawrzyniakowski received information from a confidential informant that within the prior five days, he/she saw the defendant, in the Milwaukee residence, conducting a drug transaction while armed with a firearm. Specifically, the informant advised that she/he saw an individual give the defendant a sum of money and receive a quantity of marijuana from the defendant in exchange. The affidavit further states that the informant positively identified Carter from an array of photos, that Officer Wawrzyniakowski confirmed the informant's understanding and ability to identify firearms, and that the informant is a credible source given past law enforcement experience with the informant and corroboration of his/her information. The informant was not present when the search warrant was executed. Based on the affidavit and accompanying application, the Commissioner issued the search warrant that is the subject of the instant motion to compel.

## STANDARD OF REVIEW

Because Carter's motion to compel is a nondispositive pretrial motion, the court will only disturb the magistrate's order if it was clearly erroneous or otherwise contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Crim.P. 59(a) (defining

procedure for nondispositive motions before a magistrate judge). The court finds that it was not.

## ANALYSIS

It is well-settled that the government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant. *Roviaro v. United States*, 353 U.S. 53, 59-60 (1957). The scope of the privilege is limited by its underlying purpose – "the furtherance and protection of the public interest in effective law enforcement." *Id.* Therefore, the privilege acknowledges the obligation of citizens to communicate any knowledge of the commission of a crime to law enforcement and encourages them to disclose information by preserving their anonymity. *Id.* A defendant may overcome the confidential informant privilege by demonstrating a need for the information. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994). However, the defendant bears this burden in the face of an assumption that the privilege should apply. *Id.*

To determine if disclosure of the confidential informant is required, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his case." *Roviaro*, 353 U.S. at 62. "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.*

Fundamental fairness also guides this inquiry. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 61; *United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993) (defendant must establish that defendant "possesses a genuine need of informant disclosure that outweighs the public interest.").

Moreover, the nature and extent of the confidential informant's role are significant factors in determining whether the informant's identity should be disclosed. *See Bender*, 5 F.3d at 270. "[W]hen the confidential informant was a mere 'tipster' – someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant – rather than a 'transactional witness' who participated in the crime charged against a defendant or witnessed the event in question, disclosure would not be required." *United States v. Wilburn*, 581 F.3d 618, 623 (7th Cir. 2009) (citing *United States v. Harris*, 531 F.3d 507, 515 (7th Cir. 2008)).

In this case, the defendant objects to the magistrate's finding that the confidential informant was not a transactional witness but rather a tipster, arguing that a transactional witness should include those individuals that witnessed an event relevant to the charges against a criminal defendant. However, this interpretation of a transactional witness is far too broad. The magistrate properly found that the confidential informant was a tipster, rather than a transactional witness. The

informant advised law enforcement that he/she had seen an individual give the defendant a sum of money and receive a quantity of marijuana from the defendant in exchange while the defendant was armed with a firearm. There is no indication that the confidential informant participated in the transaction. Furthermore, the activities observed by the informant are not the basis for the charges against the defendant. The charges against the defendant – possession of a firearm by a convicted felon on November 30, 2010 – were based on evidence obtained during the execution of the warrant. Law enforcement simply used the informant's tip as a basis for the search warrant. Courts have consistently found that an informant who provides the police with relevant information that serves as the foundation for obtaining a search warrant is a "tipster" rather than a "transactional" witness. *See e.g. United States v. Harris*, 531 F.3d at 515 (confidential informant was a tipster where he/she had reported to police that he/she had seen defendant selling coke from his residence and observed several handguns in the residence and this information served as the basis for a search warrant); *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001) (affirming denial of motion for disclosure when confidential informant was a tipster who provided information that led to a search warrant but was not present when the warrant was executed); *United States v. Bender*, 5 F.3d 267, 270 (7th Cir.1993) (same).

Though the magistrate did not specifically address the defendant's need for the information, the court finds that the defendant has not met his burden of showing that he possesses a genuine need for the informant's identity that outweighs the public's interest in protecting the free flow of information. The defendant contends that knowing the confidential informant's identity will put defendant's counsel in a better position to advise the defendant concerning whether he should plead guilty or, if the informant turns out not to exist or denies giving the tips to law enforcement, then the defendant will have grounds to challenge the issuance of the search warrant. Yet, even assuming that the confidential informant's identity would be helpful to the defendant, the court still finds that disclosure does not outweigh the public's interest. The tip provided by the informant in this case is precisely the type of information that the limited confidential informant privilege is meant to encourage. Moreover, in light of the fact that the defendant is charged with possession of a firearm based solely on evidence obtained during execution of the search warrant, and not based on the confidential informant's observations, it is unlikely that knowledge of the informant's identity will actually aid the defendant in the preparation of his case. Therefore, the court finds that the magistrate did not commit a clear error and, therefore, affirms the magistrate's order.

Accordingly,

**IT IS ORDERED** that the magistrate's order denying defendant's motion to compel disclosure of a confidential informant (Docket #16) be and the same is hereby **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge